## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **Westfield Insurance Company,** | Civ. No. 10-151 (JMR/JJG) |
| **Plaintiff,** | |
| **v.** | **REPORT AND RECOMMENDATION** |
| **Robinson Outdoors, Inc.,** | |
| **Defendant.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Plaintiff's Motion to Dismiss Count Three of Defendant's Counterclaim. The Honorable James M. Rosenbaum, United States District Judge, referred the motion to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that the motion be granted and that the third counterclaim be dismissed without prejudice.

## I.    BACKGROUND

Plaintiff Westfield Insurance Company ("Plaintiff") brought this action for a declaratory judgment that it is not obligated to defend or indemnify Defendant Robinson Outdoors, Inc. ("Defendant") under several insurance policies. Defendant sought a defense and indemnification from Plaintiff after it was sued in multiple lawsuits for allegedly misrepresenting the attributes of odor-eliminating clothing.

In Defendant's original Answer and Counterclaim, Defendant claimed that Plaintiff recklessly failed to examine the insurance policies and underlying complaints, knowingly disregarded Defendant's rights under the policies, and wrongfully denied coverage. Defendant

also brought three counterclaims: (1) a request for declaratory relief that Plaintiff must defend and indemnify Defendant, (2) a breach of contract claim, and (3) a bad faith claim.

Plaintiff moved to dismiss the bad faith claim on the basis that Minnesota law does not allow for such a claim in a declaratory judgment action, without proof of an independent tort. In response, Defendant filed an Amended Answer and Counterclaim. Defendant renamed its third counterclaim a breach of contract claim, but repeated nearly all of the language asserted in the bad faith claim. Defendant also filed a two-page memorandum in opposition to the motion to dismiss, arguing the motion was moot in light of the amended third counterclaim. Plaintiff disputed mootness in its Reply and asked the Court to dismiss the amended third counterclaim under two theories: (1) that the counterclaim was a veiled bad faith claim prohibited under Minnesota law and, alternatively, (2) that the counterclaim was a redundant breach of contract claim.

## II.     DISCUSSION

Dismissal of a counterclaim under Rule 12(b)(6) is proper when the defendant fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court will assume the truth of all facts alleged in the Amended Answer and Counterclaim and make all reasonable inferences in Defendant's favor. *See Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994) (citations omitted).

### A.     Defendant's Third Counterclaim as a Veiled Bad Faith Claim

Defendant's original third counterclaim and amended third counterclaim are almost identical. The original third counterclaim alleged,

## COUNT THREE
### Bad Faith

78.     Robinson incorporates and restates the allegations set forth above.

79.     Under the terms of the above-described policies Westfield had a duty to defend Robinson, which duty is broader than the duty to indemnify and whether or not Robinson is ultimately liable for any losses.

80.     Westfield knowingly refused to conduct a reasonable, objective comparison of the allegations of the above-described actions with the terms and conditions of the above-described policies.

81.     Westfield knowingly and in bad faith put its own interests ahead of those of Robinson in wrongfully denying all coverage under such policies.

82.     Because of Westfield's bad faith denial of coverage Robinson has been left to defend itself and settle claims and as a result Westfield is not entitled to assert any defense under the policies.

(Def.'s Answer & Counterclaim ¶¶ 78-82; Doc. No. 7.)

As amended, the third counterclaim now alleges,

## COUNT THREE
### Wrongful Denial Of Coverage; Breach Of Contract

78.     Robinson incorporates and restates the allegations set forth above.

79.     Under the terms of the above-described policies Westfield had a duty to defend Robinson, which duty is broader than the duty to indemnify and whether or not Robinson is ultimately liable for any losses.

80.     Westfield knowingly refused to conduct a reasonable, objective comparison of the  allegations of the above-described actions with the terms and conditions of the above-described policies.

81.     Westfield knowingly put its own interests ahead of those of Robinson in wrongfully denying all coverage under such policies.

82.     Because of Westfield's denial of coverage Robinson has been left to defend itself and settle claims and because of such breach Westfield is not entitled to assert any defense under the policies.

83.     Robinson has been harmed by Westfield['s] breaches of its
contractual duties.

(Def.'s Answer & Am. Counterclaim ¶¶ 78-83; Doc. No. 19.)

The only differences between the two counterclaims are the removal of three references
to bad faith and an added allegation of harm. The remaining allegations are not typical of or
necessary for a breach of contract claim. Accordingly, the Court finds that the amended third
counterclaim is, in essence, a claim for bad faith.

Minnesota law does not allow an insured to bring a bad faith claim in conjunction with
a breach of contract claim, absent proof of an independent tort. *See St. Paul Fire & Marine Ins.
Co. v. A.P.I., Inc.*, 738 N.W.2d 401, 407-08 (Minn. Ct. App. 2007); *Pillsbury Co. v. Nat'l
Union Fire Ins. Co.*, 425 N.W.2d 244, 248 (Minn. Ct. App. 1988). Without the independent
tort, extra-contractual damages for bad faith simply are not available. *St. Paul Fire & Marine*,
738 N.W.2d at 408; *Pillsbury*, 738 N.W.2d at 248. Here, Defendant has neither alleged nor
produced prima facie evidence of an independent tort. Without this prerequisite, Defendant will
not be able to recover extra-contractual damages for bad faith. Thus, to the extent the amended
third counterclaim could be interpreted as a bad faith claim, it should be dismissed for failing to
state a claim on which relief could be granted.

B.     **Defendant's Third Counterclaim as a Second Breach of Contract Claim**

Defendant did not address in its memorandum Plaintiff's argument that a second claim
for breach of contract would be duplicative of Defendant's first breach of contract claim. At the
hearing on the motion, however, Defendant explained that implied covenants in a contract can
give rise to a breach of contract claim, and that the basis of its amended third counterclaim was
Plaintiff's breach of its duty to deal with Defendant fairly and in good faith.

"Minnesota law does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing separate from the underlying breach of contract claim." *See Medtronic, Inc. v. ConvaCare, Inc.*, 17 F.3d 252, 256 (8th Cir. 1994) (citing *Orthomet, Inc. v. A.B. Med., Inc.*, 990 F.2d 387, 392 (8th Cir. 1993); *Wild v. Rarig*, 234 N.W.2d 775, 790 (Minn. 1975)). Here, Defendant has already alleged a breach of contract claim in its second counterclaim. The second and amended third counterclaims are based on the same denial of coverage and would yield the same contractual damages. Consequently, to the extent that Defendant intended the amended third counterclaim to assert an additional breach of contract claim, it should be dismissed as duplicative. *See Aten v. Scottsdale Ins. Co.*, Civ. No. 06-2931, 2006 WL 2990476, at \*4 (D. Minn. Oct. 19, 2006), *rev'd on other grounds*, 511 F.3d 818 (8th Cir. 2008); *Seren Innovations, Inc. v. Transcontinental Ins. Co.*, No. A05-917, 2006 WL 1390262, at \*8 (Minn. Ct. App. May 23, 2006).

### C. Dismissal Without Prejudice

Defendant argued at the hearing that ongoing discovery may reveal evidence of bad faith by Plaintiff or violations of consumer protection laws, which would support an additional breach of contract claim. Rather than wait for Defendant to locate facts to support such a claim, however, the appropriate course is to dismiss the amended third counterclaim without prejudice. This is because extracontractual damages are regarded as punitive in nature, *see Pillsbury*, 738 N.W.2d at 248, and under Minnesota law, a party may not plead punitive damages at the initial pleading stage, but must move to amend the pleading to allege a claim for punitive damages and must provide prima facie evidence in support of the motion, Minn. Stat. § 549.191.

**III.    RECOMMENDATION**

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Dismiss Count Three of Defendant's Counterclaim (Doc. No. 10) be **GRANTED**, and that the third amended counterclaim be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 24, 2010

                                               s/ *Jeanne J. Graham*
                                               JEANNE J. GRAHAM
                                               United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 8, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.