# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Westfield Insurance Company, | Civ. No. 10-151 (JRT/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Robinson Outdoors, Inc., | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Plaintiff Westfield Insurance Company's Motion for Summary Judgment (Doc. No. 38). The Honorable John R. Tunheim, United States District Judge, referred the motion to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that Plaintiff's motion be denied without prejudice.

## I.  BACKGROUND

Plaintiff Westfield Insurance Company ("Plaintiff") brought this action for a declaratory judgment that it is not obligated to defend or indemnify Defendant Robinson Outdoors, Inc. ("Defendant") under several insurance policies. Defendant sought defense and indemnification from Plaintiff after Defendant was sued in multiple actions for falsely representing the attributes of odor-eliminating clothing.

On April 16, 2010, Plaintiff served interrogatories, requests for documents, and requests to admit on Defendant. After two extensions, the parties agreed the responses would be due on June 1, 2010. On June 1, Defendant's attorney sent Plaintiff's counsel an email with

interrogatory answers and requested documents, and a service letter stating that those were the only items attached.

Plaintiff's counsel alleges that it did not receive Defendant's responses to the requests for admission and that, pursuant to Fed. R. Civ. P 36(a)(3), the answers were deemed admitted after thirty days. Plaintiff then filed this motion for summary judgment on the sole basis that the admitted answers mandated a ruling in its favor.

According to Plaintiff, there are three particular requests for admission to which Defendant's default admission mandates summary judgment. Each of these requests concerns coverage under insurance policies issued by Plaintiff—specifically, whether the alleged actions fall under an exclusion in the policy:

> 13. That the Westfield policies do not provide coverage to Robinson for the claims put forth in the underlying claims because the alleged actions of Robinson fall into the exclusion for advertising injury entitled "Quality Or Performance Of Goods – Failure To Conform To Statements."
> 14. That the Westfield policies do not provide coverage to Robinson for the claims put forth in the underlying claims because the alleged actions of Robinson fall into the exclusion for advertising injury entitled "Material Published Prior To Policy Period."
> 15. That the Westfield policies do not provide coverage to Robinson for the claims put forth in the underlying claims because the alleged actions of Robinson fall into the exclusion for advertising injury entitled "Personal And Advertising Injury."

(Pl.'s Mem. Supp. Summ. J. at 10-11; Doc. No. 40.) Plaintiff argues that because each of these requests has been deemed admitted under Rule 36(a)(3) due to Defendant's failure to respond within thirty days, it is entitled to summary judgment.

In opposing Plaintiff's motion, Defendant argues that (1) it did not fail to timely respond and (2) the requests for admission call for conclusions of law, which is inappropriate under Fed. R. Civ. P. 36(a)(1)(A). Defendant does not offer any evidence on the merits of the summary judgment issues, but rests on these procedural arguments. Defendant also moved for leave to

2

amend its responses to the requests to admit on August 30, 2010. As Plaintiff recognized at the September 16, 2010 hearing, the outcome of its motion for summary judgment depends on whether Defendant is permitted to amend its responses to the requests to admit. In a separate Order, this Court granted Defendant's motion to amend its responses.

## II. DISCUSSION

A court should grant a motion for summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Unigroup, Inc. v. O'Rourke Storage & Transfer Co.*, 980 F.2d 1217, 1219–20 (8th Cir. 1992). The court views all evidence and inferences in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261, n.2 (1986); *Riley v. Lance*, 518 F.3d 996, 999 (8th Cir. 2008).

Plaintiff conceded at the hearing that the ruling on Defendant's motion for leave to withdraw and amend responses to Plaintiff's requests for admission is determinative of the motion for summary judgment. This is because the summary judgment motion depends entirely on the answers to the requests to admit as they currently stand: default admissions under Fed. R. Civ. P. 36(a)(3) for failure to respond in thirty days. Because the Court has granted Defendant's motion to amend its responses, Plaintiff's Motion for Summary Judgment should be denied. The Court recommends that the motion be denied without prejudice, however, given that the nondispositive motion deadline is April 15, 2011.

### III. RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Doc. No. 38) be **DENIED WITHOUT PREJUDICE**.

Dated: September 30, 2010

    s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections **October 18, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.