UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Westfield Insurance Company, | Civ. No. 10-151 (JRT/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Robinson Outdoors, Inc., | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Plaintiff Westfield Insurance Company's Second Motion for Summary Judgment (Doc. No. 83). The Honorable John R. Tunheim, United States District Judge, referred the motion to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that the motion be denied.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Westfield Insurance Company ("Plaintiff") brought this action for a declaratory judgment that it is not obligated to defend or indemnify Defendant Robinson Outdoors, Inc. ("Defendant") under insurance policies Plaintiff issued to Defendant in 2004-2006. Defendant sought defense and indemnification from Plaintiff after Defendant was sued in multiple actions for falsely representing the attributes of odor-eliminating clothing ("the underlying actions").

The insurance policies provide that Plaintiff has a duty to defend Defendant against any suit seeking damages for "personal and advertising injury." (Compl. ¶ 9.) "Personal and advertising injury" includes injury arising from "[o]ral or written publication, in any manner, of

material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services" or from "[t]he use of another's advertising idea in your 'advertisement.'" (Answer ¶ 8.) The policies contain exclusions for "injury[] arising out of oral or written publication of material whose first publication took place before the beginning of the policy period" and for "injury[] arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your 'advertisement.'" (Compl. ¶ 9.) Plaintiff denied coverage based on these exclusions.

### A. Plaintiff's First Motion for Summary Judgment and Defendant's Motion to Amend Answers to Requests for Admission

Plaintiff served interrogatories, requests for documents, and requests for admission on Defendant in April 2010. After receiving a brief extension to respond, Defendant's attorney emailed the interrogatory answers, documents, and a letter stating those were the only items attached. Defendant's attorney did not mention the requests for admission or provide responses.

On July 12, 2010, a little more than a month after the responses were due, Plaintiff moved for summary judgment on the basis that the unanswered requests for admission had been deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3), and that the admissions established as a matter of law that Defendant was not entitled to coverage under the policies. Plaintiff specifically relied on three requests for admission related to coverage exclusions.

13. That the Westfield policies do not provide coverage to Robinson for the claims put forth in the underlying claims because the alleged actions of Robinson fall into the exclusion for advertising injury entitled "Quality Or Performance Of Goods – Failure To Conform To Statements[.]"

14. That the Westfield policies do not provide coverage to Robinson for the claims put forth in the underlying claims because the alleged actions of Robinson fall into the exclusion for advertising injury entitled "Material Published Prior To Policy Period."

15. That the Westfield policies do not provide coverage to Robinson for the claims put forth in the underlying claims because the alleged actions of Robinson fall into the exclusion for advertising injury entitled "Personal and advertising injury."

(Pl.'s Mem. Supp. Mot. Summ. J. at 10-11; Doc. No. 40.)

After receiving notice of Plaintiff's motion, Defendant did not contact Plaintiff to resolve the mix-up, nor did Defendant provide another copy of the responses, as one might expect in the case of an oversight or mistake. Rather, Defendant remained quiet until filing its summary judgment opposition a month and a half later, when it provided its responses to Plaintiff for the first time. Defendant neither admitted nor denied Requests for Admission 13, 14, and 15, but objected on the grounds that the requests were vague, confusing, and called for a legal conclusion. Defendant also blamed Plaintiff for ambushing it with a summary judgment motion instead of simply letting it know that the responses were missing.

The same day Defendant filed its opposition to summary judgment, it also moved to amend its responses to the requests for admission.[1] Defendant argued that amendment was warranted by the promotion of the merits over form and to ensure consistency with other evidence. Defendant explained that it wanted to amend the responses "to bring them into conformance with the facts as they now stand before the Court" (Def.'s Mem. Supp. Mot. Withdraw & Amend Responses at 2; Doc. No. 56), which signified to the Court that Defendant intended to provide new answers of substance, not just repeat its objections.

The Court held a hearing on the motion for summary judgment and the motion to amend responses on September 16, 2010. Plaintiff conceded that if the motion to amend was granted, summary judgment should be denied. When the Court asked Defendant's counsel whether

---

[1] In a separate motion, Defendant also moved to amend its answer and counterclaim.

Defendant intended to rely on the answers filed on August 30th or submit new responses, counsel said on the record that Defendant would submit new responses.

In an Order dated September 30, 2010, this Court granted Defendant's motion to amend responses, finding that new responses would promote the presentation of the merits and would not prejudice Plaintiff. In no uncertain terms, the Court stated that it had reviewed Requests for Admission 13, 14, and 15 and found them proper. (Order at 6, Sept. 30, 2010) ("The Court has reviewed the requests at issue and find they are proper. None call for an inappropriate legal conclusion, but seek admissions as to how the insurance policy applies to the facts of the case.") The Court ordered Defendant to amend its responses by October 11, 2010.

Simultaneously, the Court issued a Report and Recommendation ("R&R"), recommending that Plaintiff's motion for summary judgment be denied without prejudice, in light of the anticipated amended responses. No party objected to the R&R, and it was adopted on October 25, 2010.

### B. Plaintiff's Second Motion for Summary Judgment

On October 18, 2010, Plaintiff emailed a letter to this Court's chambers, stating it had not received any amended responses from Defendant and requesting that summary judgment be entered. The Court explained through a subsequent Order that it could not entertain an informal request for summary judgment presented in an unfiled letter, and that in any event, an R&R had already been issued. The Court advised Plaintiff that if it wanted to pursue summary judgment based on events post-dating the R&R, it would need to file a new motion. Plaintiff filed a second motion for summary judgment on October 27, 2010, and the motion was referred to this Court.

Plaintiff's second motion for summary judgment closely resembles the first. Plaintiff again argues that Defendant did not respond to requests for admission concerning "the ultimate

4

issue in the case." (Pl.'s Mem. Supp. Second Mot. Summ. J. at 1; Doc. No. 85.) Plaintiff again relies on Requests for Admission 13, 14, and 15, and the same policy exclusions. Defendant concedes that it did not file the amended responses, but says it believed the September 30th Order was contingent on the filing of a third amended answer. Defendant does not reconcile this belief with the actual language of the Order or counsel's representation that he would file entirely new responses within ten days of the hearing.

On December 29, 2010, this Court issued an Order chastising Defendant for not complying with the clear directive of the September 30th Order, but giving Defendant one last chance to serve substantive responses to Requests for Admission 13, 14, and 15. The Court singled out those requests because they are the basis for Plaintiff's second motion for summary judgment. Both parties were instructed to provide updates to the Court on January 21, 2011, which they did. Defendant wrote that it served amended responses to Plaintiff's Requests for Admission 13, 14, and 15 on January 12, 2011, as ordered, and it provided the responses for the Court's review. Defendant denied each of the requests without objection or equivocation. Plaintiff conceded in its letter that Defendant answered Requests for Admission 13, 14, and 15, but complained that Defendant has not fully answered other requests.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Chial v. Sprint/United Mgmt. Co.*, 569 F.3d 850, 853-54 (8th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252 (1986)). The moving party bears the burden to show that the material facts

are not in dispute. *Mems v. City of St. Paul*, 224 F.3d 735, 738 (8th Cir. 2000). The nonmoving party may not respond with mere allegations or denials but must present specific facts creating an authentic issue for trial. *Anderson*, 477 U.S. at 256. The evidence and resulting inferences are viewed in the light most favorable to the nonmoving party. *Graves v. Ark. Dep't of Fin. & Admin.*, 229 F.3d 721, 723 (8th Cir. 2000).

**III.    DISCUSSION**

Plaintiff moved for summary judgment on the basis that Requests for Admission 13, 14, and 15 were deemed admitted. However, Defendant has since denied those requests in accordance with this Court's leave to do so. The denied requests for admission create genuine issues of material fact regarding Plaintiff's obligation to defend and indemnify Defendant in the underlying actions. Accordingly, the Court recommends that Plaintiff's motion for summary judgment be denied.

As for Plaintiff's protest that Defendant has not fully answered other requests for admission, that dispute is not properly resolved through the present motion. Plaintiff has never moved to compel responses to the requests for admission, nor has Plaintiff ever moved for a determination of the sufficiency of the responses in accordance with Federal Rule of Civil Procedure 36(a)(6). In the event of any further motion practice concerning the requests for admission, the parties are advised that the Court will strictly enforce the meet-and-confer requirement of Local Rule 37.1. The parties should try to resolve their disputes informally before rushing to motion practice. Finally, it seems prudent to remind the parties that the purpose of requests for admission is to narrow the issues for trial and promote efficiency, *see Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007), not to multiply the proceedings and waste the resources of the parties and the Court.

## IV. RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Westfield Insurance Company's Second Motion for Summary Judgment (Doc. No. 83) be **DENIED**.

Dated: January 27, 2011

    s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **February 11, 2011**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.