# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

|                                          |                                  |
|------------------------------------------|----------------------------------|
| **Westfield Insurance Company,**         | Civ. No. 10-151 (JRT/JJG)        |
| **Plaintiff,**                           |                                  |
| v.                                       | **REPORT AND RECOMMENDATION**    |
| **Robinson Outdoors, Inc.,**             |                                  |
| **Defendant.**                           |                                  |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Defendant Robinson Outdoors Inc.'s Motion to Exclude Plaintiff Westfield Insurance Company's Experts (Doc. No. 167). The Honorable John R. Tunheim, United States District Judge, referred the motion to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that the motion be denied. At most, Plaintiff Westfield Insurance Company should be instructed to supplement the experts' reports as ordered herein.

## I.   BACKGROUND

Plaintiff Westfield Insurance Company ("Plaintiff") brought this action for a declaratory judgment that it is not obligated to defend or indemnify Defendant Robinson Outdoors, Inc. ("Defendant") under insurance policies Plaintiff issued to Defendant in 2004-2006. Defendant sought defense and indemnification from Plaintiff after Defendant was sued in multiple actions for falsely representing the attributes of odor-eliminating clothing ("the underlying actions"). Defendant settled all claims in the underlying actions in May 2010.

The insurance policies provide that Plaintiff has a duty to defend Defendant against any suit seeking damages for "personal and advertising injury." (Compl. ¶ 9.) "Personal and advertising injury" includes injury arising from "[o]ral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services" or from "[t]he use of another's advertising idea in your 'advertisement.'" (Answer ¶ 8.) The policies contain exclusions for "injury[] arising out of oral or written publication of material whose first publication took place before the beginning of the policy period" and for "injury[] arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your 'advertisement.'" (Compl. ¶ 9.) Based on the exclusions, Plaintiff contends that damages in the underlying actions are not covered under the policies. Defendant has counterclaimed for a declaratory judgment in its favor and for breach of contract. A bad faith claim was dismissed early in the case.

## II. THE MOTION TO EXCLUDE EXPERTS

Pursuant to Federal Rule of Civil Procedure 37, Defendant moves to exclude Plaintiff's experts Joseph Kenyon and James Montgomery from testifying at trial. Defendant asserts that Kenyon's and Montgomery's reports are deficient under Rule 26(a)(2)(B) because neither expert provided a list of publications authored in the past ten years, details about other cases in which he has testified, a statement of compensation for his testimony, or a list of exhibits underlying his opinion. Defendant also faults Kenyon's report as incomplete. Defendant disavows any intent to exclude the experts pursuant to *Daubert* or the Federal Rules of Evidence at this time, and accordingly, the Court will limit its discussion to the purview of Rule 37.

Rule 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to

supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The exclusion of evidence pursuant to this rule is a harsh sanction and should be employed sparingly. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (quotation omitted).

> Rule 26(a)(2)(B) requires an expert witness's report to contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Rule 26(e) requires a party to supplement an expert's report as well as information conveyed in the expert's deposition. Fed. R. Civ. P. 26(e)(2).

### A.   Montgomery

Montgomery is an underwriter employed by Plaintiff. With respect to his compensation, his report states that he is a Westfield employee and that he is receiving no additional compensation for his work on this case. This is a sufficient statement of compensation under Rule 26(a)(2)(B)(vi).

In addition, Montgomery has not testified as an expert in any other cases in the past four years, which Plaintiff has told Defendant. Thus, Montgomery's report is not deficient for failing to disclose such cases.

As for publications authored in the past ten years, Plaintiff's counsel told Defendant's counsel that Montgomery has authored one article in the last ten years, and he produced the five-page article before Montgomery's deposition. While it is true that the article was not listed in the

initial disclosures or the actual report, Defendant has not suffered any harm as a result, and therefore, exclusion is not warranted. If anything, Montgomery should be required to supplement his report to identify the single publication.

With respect to supporting exhibits, Montgomery states in his report that he relied on the insurance policies at issue, the pleadings in the underlying actions, and the pleadings in the present action. This is sufficient.

Finally, Defendant insinuates that Montgomery is not qualified to be an expert and that his opinion does not satisfy Federal Rule of Evidence 702. The Court will not address this argument, as it exceeds the bounds of Rule 37(c)(1).

### B.    Kenyon

Plaintiff retained Kenyon, a forensic accountant, to analyze Defendant's alleged damages. Kenyon provided a list of names of other cases in which he has testified as an expert, but he did not identify the jurisdiction or case number. Plaintiff argues that Rule 26(a)(2)(B)(v) does not require this information. While this is technically true, courts routinely order such information. *See, e.g., Watkins v. Vestil Mfg. Corp.*, Civ. No. 2:07-CV-0152-RWS, 2009 WL 277602, at *2 (N.D. Ga. Feb. 5, 2009); *Baca v. Depot Sales, LLC*, Civ. No. 06-cv-00714-EWN-PAC, 2007 WL 951163, *1 (D. Colo. Mar. 27, 2007); *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 682 (D. Kan. 1995). Providing this information is also a matter of common sense; a case name alone is of little use to the opposing party when preparing to question an expert about his prior testimony.

Nevertheless, the extreme sanction of exclusion is not warranted. The law in this area is not certain, and Defendant has not shown it was harmed by the lack of information. Indeed, Defendant did not ask Plaintiff to supplement Kenyon's report with additional case information

prior to his deposition, and Defendant questioned Kenyon about the prior cases during his deposition. At most, Kenyon should be ordered to supplement his report to include the case number and jurisdiction for each case in which he has testified either at trial or by deposition in the last four years.

Next, Defendant asserts that Kenyon's report lacks adequate statements of fact and opinion, and that Kenyon did not provide the exhibits supporting his opinion. To the extent Defendant is challenging the substance of Kenyon's report, Kenyon's preparation of his report, or Kenyon's qualifications, that argument falls outside the scope of Rule 37 and will not be addressed. Moreover, Kenyon's inability to complete his opinion at this time is substantially justified, given the delay caused by Robinson Outdoor Products, LLC in producing its financial information and accounting data. Kenyon has averred that he needs this information before he can complete his opinion on Defendant's alleged damages, and the Court ordered Robinson Outdoor Products, LLC to produce the information in an Order dated April 28, 2011.[1] Once Kenyon receives the additional data, he should supplement his report as required by Rule 26(e)(2).

Finally, with respect to Kenyon's compensation, he stated in his report that his hourly rate is $365. Defendant was unable to specify what further data it wanted, and the Court finds Kenyon's compensation sufficiently disclosed.

### III. CONCLUSION

Although Kenyon's and Montgomery's expert reports are lacking in a few, very minor respects, their testimony should not be excluded under Rule 37. If anything, Plaintiff should be required to supplement the experts' reports as discussed herein. Accordingly, based on the files,

---

[1] That aspect of the Order has been appealed.

records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Robinson Outdoors Inc.'s Motion to Exclude Expert Testimony (Doc. No. 167) be **DENIED**.

Dated: May 27, 2011

*s/ Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 14, 2011**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.